SOLA v. CINTRON & ABOY et al.

(Circuit Court of Appeals, First Circuit.  November 17, 1916.)

No. 1169.

1. APPEAL AND ERROR ☞784—MODE OF REVIEW—APPEALS.
    In view of Judicial Code, § 274a, as added by Act March 3, 1915, c. 90, 38 Stat. 956, declaring that, though a suit at law should have been brought in equity or a suit in equity should have been brought at law, the courts shall order amendments to the pleadings as shall be necessary to conform them to the proper practice, and Act Sept. 6, 1916, § 4, declaring that no court having power to review shall dismiss a writ of error solely because appeal should have been taken, or dismiss an appeal solely because a writ of error should have been sued out, an appeal from the Supreme Court of Porto Rico in a case turning upon questions of law only will not be dismissed, because review should have been sought by writ of error.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3126, 3127;  Dec. Dig. ☞784.]

2. COURTS ☞387(4)—PRECEDENCE—PORTO RICO—LOCAL LAWS.
    A decision of the Porto Rico Supreme Court that under its Civil Code (sections 1110–1112) one who signs a note as a principal debtor is governed by the form, and cannot show himself to be a surety, relating to a matter of the local law, will not be disturbed by a reviewing court, unless clearly erroneous.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1037;  Dec. Dig. ☞387(4);  Appeal and Error, Cent. Dig. § 3397.]

Appeal from the Supreme Court of Porto Rico.

Action by Cintron & Aboy and others against Celestino Sola.  From a judgment for plaintiffs, defendant appeals.  Affirmed.

Joseph B. Jacobs, of Boston, Mass. (Cay. Coll Cuchi, of San Juan, Porto Rico, on the brief), for appellant.

Hugo Kohlmann, of New York City (S. Mallet-Prevost, of New York City, on the brief), for appellees.

Before PUTNAM and DODGE, Circuit Judges, and BROWN, District Judge.

PER CURIAM.  [1] The questions arise out of a contract made in Porto Rico, in which the defendant was in fact a surety, which fact was not shown on the face of the contract.  The case came up as on an appeal in equity.  It is contended that review should have been sought by writ of error, rather than by appeal; but, as the case turns upon questions of law only, this objection may be disregarded, as merely formal and without substance.  However important may be the distinction between appeals and writs of error in cases involving fact, or a difference between legal and equitable rights, in the present case, which involves only a question as to the legal effect of a document, we must disregard the objection as merely technical.  The enactment of section 274a of the Judicial Code by the Act of March 3, 1915, before the taking of this appeal, confirms our view that this objection should

be regarded as merely formal and without substance. Furthermore, section 4 of the act of September 6, 1916, providing that no court having power to review shall dismiss a writ of error solely because appeal should have been taken, or dismiss an appeal solely because a writ of error should have been sued out, though, in view of section 7, not directly applicable to the present appeal, is confirmatory of our view that in a case where the only difference between the two modes of seeking review is formal, and where none of the substantial reasons for distinction between writs of error and appeals exist, we may properly disregard the objection. We therefore proceed to consider the case on its merits.

[2] The case has reference to a contract to which Sola was in truth a surety, as was shown by a parol proof, if the same had been accepted; but the fact that he is a surety does not appear on the face of the contract. The case is told by Sola, who is the appellant, as follows:

"On May 31, 1910, Sola & Son, a mercantile partnership, and Celestino Sola, who was not a member of the aforesaid partnership, made a promissory note for $6,000, payable on the 30th of March, 1911, to the order of Don Antonio Maria Sorba. When the note became due, on March 30, 1911, or at some time subsequent thereto, Don Antonio Maria Sorba saw Marcelino Sola, manager and one of the partners of the firm of Sola & Son, and both agreed to renew the note for one year—Celestino Sola having no knowledge of the said agreement—and interest was paid up to December, 1911. On June 4, 1912, after maturity, the note was indorsed over to Mateo Rucabado; and at some later date the note was indorsed over to the plaintiffs, but this latter indorsement was not dated. The sum of $6,000 secured by the note was loaned by Sorba to the mercantile partnership of Sola & Son for the benefit of that firm, and Celestino Sola signed the note. When the note fell due, Marcelino Sola, as a member of the firm of Sola & Son, applied for and obtained from Antonio Maria Sorba a renewal of the note for a period of one year, without the knowledge or the consent of the defendant, giving the creditor to understand that the same surety would continue. The renewals were granted without making them appear in a new document; but Don Marcelino Sola, one of the partners of Sola & Son, paid the interest up to December, 1911. At the date of the renewal of the note the firm of Sola & Son had been dissolved. On the 3d day of June, 1912, Antonio Maria Sorba made out a proof of claim in bankruptcy against the firm of Sola & Son, Limited, a different legal entity from Sola & Son. The limited partnership was adjudicated bankrupt. Said Antonio Maria Sorba, in the proof of claim, made oath that the firm of Sola & Son, Limited, owed him $8,000, and that one consideration of said debt was the note for $6,000, due on March 30, 1911, and another note for $2,000, due in April, 1911. The $6,000 to which he referred in the proof of claim was the same note which was subsequently transferred to the plaintiffs. Subsequently, fearing that if he proved the $6,000 note against the estate of Sola & Son, Limited, he would be prejudiced in recovering against Celestino Sola, he proved his claim against the estate of Sola & Son, Limited, merely for the $2,000. Suit was brought in the district court of Humacao, for Porto Rico, in which the plaintiffs alleged in their complaint that the defendant made a joint and several note payable to the order of Sorba, which was indorsed by him to Mateo Rucabado, on June 4, 1912, and subsequently, no date being given, indorsed to the plaintiffs. The defendant filed a demurrer setting forth that the complaint was ambiguous, unintelligible, and uncertain, setting forth, also, among other facts, that there was no date in the indorsement of Rucabado to the plaintiffs, and that the complaint did not set forth facts sufficient to constitute a cause of action. The court overruled the defendant's demurrer, and the defendant filed an answer, alleging as matter of defense the matters as substantially alleged in the demurrer."

The appellant then proceeds as follows:

"After a trial the district court found for the plaintiffs in the amount of $6,000 and interest from the date of the complaint. The defendant filed an appeal from the whole decision of the district court, and the plaintiffs also appealed, but only on the question of the date from which interest should be allowed. The Supreme Court of Porto Rico found for the plaintiffs, and the defendant duly appealed to this court."

The appellant maintained in the Supreme Court, and still maintains, that Celestino Sola was a surety, and that the oral testimony clearly shows that all the parties concerned knew and understood that fact, and understood that the money advanced by Sorba was advanced to the partnership for partnership purposes, and that the defendant was merely an accommodation maker. This, of course, conceded that such facts were shown by the oral proofs; but the court sustained Celestino Sola for the reasons which we will state.

The following extracts, from the opinion of the Chief Justice of the Supreme Court of Porto Rico, represent the findings of that court in matters of law and fact, including the construction of the sections of the Civil Code hereinafter referred to. The opinion said:

"And it cannot be contended that the evidence introduced at the trial shows that the debt was contracted for the sole benefit of Sola & Son, and that the defendant was only surety for the fulfillment of the obligation, for, even if true, the fact would remain that Celestino Sola, without profiting by the money received on the note and without actually being a debtor, was willing to assume that character when he signed the note as solidary debtor in order that Sola & Son might secure the money from Sorba, who would not have lent it except under that condition. That Celestino Sola did not profit by the loan is immaterial; he agreed to be a solidary debtor in order to accommodate Sola & Son, and that agreement was expressed in the promissory note when the defendant signed it as solidary debtor. The law of the contract was established in the note as the last expression of the intention of the parties, and Celestino Sola must submit to it.

"Under the theory which we have set forth, the conclusion is reached that defendant, Celestino Sola, is not the surety of Sola & Son, but a solidary debtor of Antonio Maria Sorba jointly with Sola & Son. This being the case, the first ground of the appeal, based on section 1752 of the Civil Code, which provides that the extension granted to the debtor by the creditor without the consent of the surety extinguishes the security, is without merit; therefore it is unnecessary to discuss the question argued at length by both parties, as to whether the said section is applicable as well to simple or common surety as to solidary surety."

"This being a case of a solidary obligation, sections 1110, 1111, and 1112 of the Civil Code are applicable, and their pertinent parts read as follows:

" 'Section 1110. Novation, compensation, confusion or remission of the debt, made by any of the joint creditors, or with any of the debtors of the same class, extinguishes the obligation.

" 'Section 1111. A creditor may sue any of the joint debtors, or all of them, simultaneously.

" 'Section 1112. The payment made by any of the joint debtors extinguishes the obligation.'

"Plaintiffs, Cintron and Aboy, the indorsees of the promissory note under consideration, have exercised the right given them by section 1111 in bringing their action against one of the solidary debtors, Celestino Sola. The obligation had not been extinguished in any of the ways prescribed by said sections 1110 and 1112. As to the extension of time granted by Sorba to Sola & Son, it cannot be regarded as a novation extinguishing the obligation, for there was no change of subject-matter or principal conditions; and as to

novation consisting in the substitution of one debtor for another, there is no evidence of such substitution."

It is true that the civil law is not everywhere apart from the common law, as understood in the United States, on this topic. Especially this is true in Louisiana, as shown by authorities cited by the appellant; but the law of the locality of the contract is especially governed by the Civil Code of Porto Rico, and the construction of that Code by the Supreme Court of Porto Rico. By that law, as thus construed, a party who signs in any form as principal is governed by the form, although perhaps he might elsewhere show that he was only a surety. The case falls within the rules of Cardona v. Quinones, 240 U. S. 83, 88, 36 Sup. Ct. 346, 60 L. Ed. 538, which likewise construed the local statutory laws.

There were some incidental questions which were raised in this case, but none of them were material to this decision.

The judgment is affirmed, with interest at 6 per cent., and costs.